UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-63039-BLOOM/Valle

TARA M. WILSON,

    Plaintiff,

v.

AMTRUST BANK, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the *pro se* Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3] (the "Application" or "Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] (the "Complaint"), asserted against numerous Defendants, including AmTrust Bank, Brad Pitt, Oprah Winfrey, Patti LaBelle, T-Mobile, Lenscrafters, Versace, and Apple (collectively, "Defendants"). Plaintiff Tara M. Wilson ("Plaintiff" or "Wilson") has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. The Court has carefully reviewed the Complaint, the Application, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and the Application is **DENIED AS MOOT**.

Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an

affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees. . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557

(alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim is frivolous when it 'has little or no chance of success,' that is, when it appears 'from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.'" *Hoang v. DeKalb Housing Auth.*, No. 1:13-cv-3796-WSD, 2014 WL 1028926, at *1 (N.D. Ga. Mar. 19, 2014) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim is frivolous "where it lacks an arguable basis either in law or in fact"). Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

The Complaint in this case must be dismissed because it fails to state a claim upon which relief can be granted. Plaintiff alleges that she is suing "for rights to a hearing held in the bank stating the terms of the deed for the attached property. As a minor, I was told the deed would be transferred to me and a breach of contract transpired." ECF No. [1] at 1. Plaintiff then attaches a lengthy list of hundreds of retail brands, designers, airports, and celebrities, in addition to a list of items she appears to contend were stolen from her residence and a print-out of a land records viewer from Nassau County, New York. *See generally* ECF No. [1]. Although the Court can understand that Plaintiff feels she has been wronged, the Court cannot discern any actionable

claims arising from the facts alleged, nor any plausible basis for the involvement of the lengthy list of Defendants. Moreover, although Plaintiff claims that a breach of contract has occurred, she asserts no cognizable claims pursuant to the legal theory upon which she appears to rely.

Furthermore, the scant allegations fail to confer subject matter jurisdiction on the Court. It is axiomatic that the Court cannot consider Plaintiff's claims without proper jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 84 (U.S. 1998) ("In a long and venerable line of cases, this Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit.") (citations omitted).

Therefore, as the Court is unable to ascertain any plausible claim for relief from Plaintiff's words—and it does not have the authority to consider Plaintiff's claims without jurisdiction—the instant action must be dismissed. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE.**
2. Plaintiff's Application, **ECF No. [3],** is **DENIED AS MOOT.**
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of December, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Tara M. Wilson, *pro se*
50 S. Ocean Blvd.
Deerfield Beach, Florida 33441